Fettig v. Jacobs.

rightly, that it will not only impose an unnecessary hardship upon it, but will materially interfere with other travel upon the highway. The parties however have made their own terms in Ordinance No. 116, and unless they are complied with in a reasonable time by laying the track in Montauk at the grade established by council, the prayer of the petition must be granted although the public interests seem to not require it.

SWING and GIFFEN, JJ., concur.

---

## DAMAGES—NEGLIGENCE

[Hamilton (1st) Circuit Court, December 9, 1905.]

Giffen, Jelke and Swing, JJ.

JOSEPH FETTIG V. AMANDA JACOBS.

**Damages Recoverable by Trespasser for Wilful Injuries Causing Injury.**

Verdict assessing damages for injuries to a boy stealing a ride on a delivery wagon will not be set aside when it appears that the injuries resulted from fear induced by the driver's striking him in the face with a whip.

*Heiker & Heilker*, for plaintiff in error.

*A. W. Bruck* and *P. S. Phillips*, for defendant in error.

Edward Jacobs, a boy nine years of age, was stealing a ride on a low truck belonging to the plaintiff in error, which was being driven by an employe along Race street, this city. Upon discovering the boy, the driver struck him with his whip. The boy fell under a wheel in attempting to get off the moving wagon, and was permanently injured in one foot. The jury assessed his damages at $300.

Per Curiam.

The testimony in this case tended to show that the driver on the wagon belonging to the plaintiff in error wilfully struck the defendant in error in the face, and although the latter was a trespasser, the court did not err in overruling the motion to arrest the case from the jury.

There was no error in giving the special instructions at the request of defendant in error, and while that part of the general charge pertaining to the conduct of the boy after he was struck is not as clear as it should be, yet it was not prejudicial.

What the court intended to say and what the jury evidently understood was if the boy's conduct, which was apparently careless and awkward, was the result of fear occasioned by the driver striking him, he would be entitled to recover.

Judgment affirmed.

---

## BILLS OF EXCEPTION—MANDAMUS